IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
for the use and benefit of )
LAWRENCE KEVIN WRIGHT, )
)
                      Plaintiff, )
)
v. )   Case No. 13-4137-JWL
)
AMERICAN SAFETY CASUALTY )
INSURANCE COMPANY, )
)
                      Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's motion to strike plaintiff's prayer for attorney fees (Doc. # 6). For the reasons set forth below, the motion is **granted**, and plaintiff's attorney fee request is hereby stricken from the amended complaint.

Pursuant to the Miller Act, 40 U.S.C. § 3133, plaintiff claims that he worked on a construction project for the United States Environmental Protection Agency and that defendant failed to pay his claim under the performance bond that it executed as surety for the project. Plaintiff's amended complaint includes a prayer for attorney fees. Defendant moves to strike that request pursuant to Fed. R. Civ. P. 12(f), *see id.* ("The court may strike from a pleading an insufficient defense . . . ."), on the basis that the

Miller Act does not authorize an award of attorney fees. *See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 130-31 (1974) (Miller Act does not provide a basis for attorney fee award for prevailing party).

As plaintiff points out, however, in *F.D. Rich*, the Supreme Court continued to recognize the usual exceptions to the American Rule that generally requires each side to pay its own attorney fees in the absence of an applicable statutory or contractual fee provision. *See id.* at 129. Plaintiff asserts two separate bases for a possible attorney fee award in this case.

First, plaintiff contends that there might be a contractual basis for attorney fees here, and he argues that defendant has not shown that there is no such fee provision in its bond. Although defendant responds that its form bond does not in fact contain such a provision, the Court need not interpret the bond at this time. Plaintiff concedes in his brief that he has not reviewed the bond; thus, plaintiff did not have any good faith basis for including a claim for contractual attorney fees, *see, e.g.*, Fed. R. Civ. P. 11 (noting requirements for proper assertions in signed and filed documents), and any such claim therefore must be stricken.

Second, plaintiff argues that he may recover attorney fees because of defendant's bad faith in refusing to pay his claim. As a preliminary matter, the Court rejects defendant's argument that such a claim for equitable relief may not be included in a plaintiff's complaint because plaintiff is not entitled to such relief "as a matter of law." Defendant misapprehends the Court's task at this stage, which is not to make sure that

2

plaintiff is entitled to legal relief (relief "as a matter of law"), but rather to dismiss claims on which plaintiff, as a matter of law, cannot prevail. Plaintiff is certainly entitled to include any claim for relief, legal or equitable, in his complaint, as long as he has a good faith basis for asserting that claim.

Defendant is correct, however, that no claim for bad-faith attorney fees could yet have arisen at the time plaintiff asserted the claim. In *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758 (10th Cir. 1997), the Tenth Circuit distinguished the two categories of bad faith conduct for which fee-shifting is permitted (abuse of the judicial process during the course of litigation; bringing an action in bad faith or defending action through the assertion of a colorless defense) from a third category for which no fee-shifting is allowed (bad faith in the acts giving rise to the substantive claim). *See id.* at 768. Plaintiff asserts that defendant's conduct falls within the category allowing fee-shifting for the assertion of a colorless defense, based on defendant's failure to honor his demand for payment. That conduct more properly falls within the third category, however, as plaintiff's substantive claim arose from defendant's failure to pay his claim. In *Towerridge*, the Tenth Circuit held specifically that an award of bad-faith attorney fees "may not be premised solely on prelitigation conduct." *See id.* at 765; *see also id.* at 766 (Supreme Court precedent indicates that exception does not reach "bad-faith conduct not occurring during the course of the litigation itself"); *id.* at 766 (sibling circuits have also held that exception "does not reach purely prelitigation bad-faith conduct"); *id.* at 769 ("we refuse to approve fee-shifting under the bad-faith exception where the wrongful

3

conduct consists solely of prelitigation bad-faith acts").[1]

Thus, plaintiff may recover bad-faith attorney fees only if defendant acts in bad faith in asserting a colorless defense during the course of the litigation itself. Defendant could not have committed any such act at the time that plaintiff filed his amended complaint, as defendant had not yet appeared in the action. If defendant does engage in such conduct, plaintiff will be free to pursue an award of attorney fees under the bad-faith exception (or as a sanction pursuant to Fed. R. Civ. P. 11), even if such a claim were not included in his complaint. Defendant cannot have had a good-faith basis for assertion of the claim before it arose, however, and accordingly the claim will be stricken.[2]

---

[1]Despite this clear holding in *Towerridge* resolving this issue, plaintiff inexcusably failed to address that holding in relying on other language in the opinion, while defendant inexplicably failed to cite the holding in its reply after plaintiff cited the case in his response brief.

[2]The Court notes, however, that it does not share defendant's concern that the inclusion of a premature attorney fee claim in the complaint would allow plaintiff to exert "leverage" on defendant improperly. No doubt counsel for both sides can rationally consider the possibility and probability of a fee award under the circumstances of the case in conducting their negotiations, whether or not such a claim appears in the complaint.

4

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to strike (Doc. # 6) is **granted**, and plaintiff's prayer for attorney fees is hereby stricken from the amended complaint.

IT IS SO ORDERED.

Dated this 4th day of February, 2014, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
